THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN BURDETTE BRIGGS, Respondent, *v.* VINCENT R. MANCUSI, as Warden of Attica State Prison, Appellant.

Fourth Department, February 12, 1970.

*Louis J. Lefkowitz, Attorney-General* (*Joseph J. Ricotta* and *Ruth Kessler Toch* of counsel), for appellant.

*Bruce K. Carpenter, Nathaniel A. Barrell* and *Robert R. Molic* for respondent.

GOLDMAN, P. J. The Attorney-General appeals from a judgment of Wyoming County Court which sustained a writ of habeas corpus and remanded relator to the Cattaraugus County Court for further proceedings on his conviction in 1953 of the crime of grand larceny, second degree. The judgment was stayed by this court pending the determination of this appeal. The sole question involved in this appeal is whether it is required to repeat the allocution at the time of resentence when the question required by section 480 of the Code of Criminal Procedure was asked at the time of the original sentence.

The relator was originally sentenced by the Cattaraugus County Court on November 23, 1953 to Elmira Reformatory until discharged according to law. This conviction was used as a predicate to his multiple offender status. It is conceded that at the time of original sentence, section 480 of the Code was fully complied with. Eleven days after sentence, on December 4, 1953, relator was returned to the County Court for resentence and he was again sentenced to Elmira Reformatory, there to be dealt with pursuant to article 3-A of the New York State Correction Law. It is agreed that at the time of resentence, section 480 was not complied with. On the hearing the County Court sustained the writ, upon the authority of *People ex rel. Miller* v. *Martin* (1 N Y 2d 406), and ordered that the relator be remanded to the Cattaraugus County Court " for further proceedings upon his conviction ".

Relator bottoms his entire argument upon the *Miller* case and contends that this decision mandates the sustaining of his writ. With this we cannot agree. *People ex rel. Miller* v. *Martin* (*supra*) is clearly distinguishable on its facts and presents a classical example demonstrating the wisdom of requiring compliance with section 480. When the relator in *Miller* was returned to the County Court for sentence two weeks after his plea of guilty and compliance with section 480 at that time, the court was informed by relator's counsel " that there is also the possibility of the mental condition of the defendant ". The court was fully alerted to counsel's concern about relator's mental condition and when the court refused to give consideration to counsel's plea, counsel even went so far as to request that he be permitted to withdraw from the case. He requested an adjournment so that relator could retain new counsel. The refusal of the court to grant a continuance in the light of these circumstances was a violation of due process without reaching the question of compliance with section 480.

Several decisions since *People ex rel. Miller* v. *Martin* (1 N Y 2d 406) have established more specific guidelines and more clearly defined the essentials of compliance, particularly in situations similar to the case at bar. Although the plea of guilty and compliance with section 480 was 36 days before the day of resentence in *People* v. *Waterman* (5 A D 2d 717), contrasted with 11 days in the instant case, the defendant was sentenced to the same prison, Elmira Reception Center, and the resentence was given for the same reason as in our case. The Third Department found no error in the failure to repeat the allocution at the time of resentence and held that " It was unnecessary

to repeat the process when defendant was returned to court for the correction of an incorrect sentence ''.

The practice of not requiring compliance with section 480 upon resentence was further demonstrated in *People ex rel. Wilkinson* v. *McMann* (11 A D 2d 569), where the resentencing took place six months after the original sentence. The court said that the requirement that the question must be asked '' When the defendant appears for judgment '' (Code Crim. Pro., § 480) was fully complied with when the question was originally asked on the '' judgment day '' for '' There is no requirement in the Code of Criminal Procedure that the process be repeated on proceedings pertaining to the judgment subsequently ''. The unanimous affirmance of *Wilkinson* by the Court of Appeals in 9 N Y 2d 916 confirms the position we have taken in the instant case. The Second Department, in the most recent decision on the subject, *People* v. *Webb* (31 A D 2d 754), recited the rule succinctly in this statement: '' The requirements of section 480 do not extend to a resentencing conducted for the purpose of correcting an earlier sentence, particularly where, as here, the resentencing was conducted shortly after the initial sentencing (*People* v. *Waterman*, 5 A D 2d 717) ''.

The judgment appealed from should be reversed and the writ dismissed.

WITMER, GABRIELLI, MOULE and HENRY, JJ., concur.

Judgment unanimously reversed and writ dismissed.